UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
EMMANUEL UZUEGBUNAM,

                                Petitioner,                9:05-CV-0553
                                                                        (LEK)(DRH)

       v.

T.R. CRAIG, Warden, FCI Ray Brook,

                                Respondent.
_____
APPEARANCES:

EMMANUEL UZUEGBUNAM
Petitioner, *pro se*
31515-083
FCI Ray Brook
P.O. Box 9006
Ray Brook, NY  12977

LAWRENCE E. KAHN, DISTRICT JUDGE

## DECISION and ORDER

**I.**     **Introduction**

    The Clerk has sent to the Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") from Emmanuel Uzuegbunam, together with an *in forma pauperis* application.[1]  Petitioner is presently confined at the Federal Correctional Institution in Ray Brook, New York.

    In his habeas petition, Petitioner states that on March 7, 1997, he was convicted in the United States District Court for the Eastern District of Virginia upon his plea of guilty to the charge of aiding and abetting the distribution of cocaine base.  Dkt. No. 1 at 2 and ex. D.  Petitioner was sentenced to a term of one hundred eighty-eight months imprisonment.  *Id*. at 2.

---

    [1]  Petitioner has not paid the filing fee for this action.

Although Petitioner does not state whether he appealed his conviction and sentence, or sought review thereof pursuant to 28 U.S.C. § 2255, a review of reported decisions indicates that he did. *See United States v. Uzuegbunam*, 120 F.3d 264 (4th Cir.1997) (unpublished) (affirming conviction and sentence), *cert. denied*, 522 U.S. 1152 (1998); *United States v. Uzuegbunam*, 181 F.3d 94, 1999 WL 352960 (4th Cir. June 2, 1999) (unpublished decision) (appeal from district court's denial of § 2255 motion; appeal dismissed); *United States v. Uzuegbunam*, 31 Fed. Appx. 215, 2002 WL 418710 (4th Cir. 2002) (per curiam unpublished opinion) (affirming denial of motion for new trial); *United States v. Uzuegbunam*, 120 Fed.Appx. 1000, 2005 WL 388636 (4th Cir. Feb. 18, 2005) (unpublished per curiam decision) (appeal from district court's dismissal of petition as a second or successive § 2255 motion; appeal dismissed).

By his petition, Petitioner claims that the indictment was defective and that the plea agreement is invalid because it was signed by only one of his attorneys. Dkt. No. 1 at 5-6. Petitioner also claims that he was misinformed about the length of his sentence and that his guilty plea was, therefore, not intentional, knowing and voluntary. *Id*. at 7.

**II.    Discussion**

**A.    Section 2255 and Section 2241**

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir. 1997). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping

provision that limits a petitioner's ability to file a second or successive § 2255 motion. The statute provides, in pertinent part, that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper means to challenge the execution of a sentence. *Adams*, 372 F.3d at 134; 28 U.S.C. § 2241. For example, a § 2241 petition may be used to challenge computation of a sentence by federal officials, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). A federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

### B.     Section 2255's Savings Clause

There is an exception to the bar against a federal prisoner using a § 2241 petition to collaterally attack a federal conviction. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman*. The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.[2] Therefore, where a petitioner claims that the § 2255 remedy is not available, and also asserts a claim of actual innocence that can be proved upon the existing record and could not have been asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003); *see also Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003).[3]

---

[2] Courts which have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations. *See, e.g.*, *Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian*, 245 F.3d at 147-48 (§ 2255 remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not inadequate and ineffective simply because the petitioner allowed the one year statute of limitations to expire); *Triestman*, 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (the § 2255 remedy is not inadequate or ineffective for purposes of the savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[3] In *Cephas*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'" *Cephas*, 328 F.3d at 104 (*citing Triestman*, 124 F.3d at 378). The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

4

### C. Petitioner's claims

The claims asserted by Petitioner in support of his petition clearly challenge Petitioner's conviction and the imposition of his sentence, and not the execution of his sentence. Dkt. No. 1. Thus, Petitioner's remedy lies with § 2255, unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

Petitioner does not identify § 2255's savings clause as the basis for this Court's jurisdiction over the petition. Moreover, even the most liberal reading of the petition affords no basis upon this Court could conclude that § 2255's remedy would be inadequate or ineffective in addressing the legality of Petitioner's detention. While it appears that the § 2255 remedy may be unavailable to Petitioner, that alone does not establish that the remedy is inadequate or ineffective. Furthermore, the Court also concludes that its determination that Petitioner is not entitled to proceed under § 2255's savings clause does not raise a "serious constitutional question." *Love*, 333 F.3d at 73.

Based upon the foregoing, the Court finds that § 2255's savings clause does not apply to this case and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[4] The petition is therefore dismissed.

### D. *In forma pauperis* application

In light of the dismissal of the petition, Petitioner's request to proceed *in forma pauperis* is denied as moot.

---

[4] Even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition. *See* 28 U.S.C. § 2255.

**III.    Conclusion**

Accordingly, for the reasons set forth above, it is hereby

ORDERED**,** that the petition is dismissed without prejudice, and it is further

ORDERED, that Petitioner's *in forma pauperis* application (Dkt. No. 2) is denied as moot, and it is further

ORDERED. that the Clerk serve a copy of this Decision and Order on Petitioner.

IT IS SO ORDERED.

DATED: May 26, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge